UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

IN RE

| | |
|---|---|
| KRISTAL DANEEN NEIL, AKA KRISTAL D. NEIL, AKA KRISTAL NEIL, | CHAPTER 13 |
| | CASE NO. 18-13205-cgm |
| | JUDGE: Cecelia G. Morris |
| DEBTOR. | |

## OBJECTION TO LOSS MITIGATION REQUEST

Katherine Heidbrink, attorney for Wells Fargo Bank, N.A., affirms under penalty as follows:

1. I am a Bankruptcy Attorney with Shapiro, DiCaro & Barak, LLC, attorney for Wells Fargo Bank, N.A. ("Wells"), and am familiar with the facts and circumstances surrounding this matter.

2. Wells holds two mortgages on the Debtor's real property located at 346 Brinsmade Avenue, Bronx, NY 10465 (the "Property"). The instant Objection concerns the first mortgage, with loan number ending in 8006 (the "First Mortgage").

3. This Objection is submitted in response to the Loss Mitigation Request regarding the First Mortgage, filed on October 26, 2018 as ECF Doc. No. 6 by the Debtor.

4. Wells respectfully objects to loss mitigation on the grounds of duplicativeness, futility, mootness, and prejudicial delay.

5. Concerning the First Mortgage, Wells is a secured creditor of the Debtor pursuant a note executed on October 13, 2006 in the original amount of $358,250.00 (the "Note"). To secure repayment of the Note, the Debtor executed a mortgage, which was recorded in the Bronx County Office of the City Register on November 13, 2006 in CRFN 2006000627364 (the "Mortgage," Note and Mortgage, collectively, the "Loan" or "First Mortgage").

6. Due to a pre-petition default on the Loan, Wells commenced a foreclosure action against the Debtor in Bronx County Supreme Court, Index. No. 35972/2014E (the "Foreclosure Case"). Judgment of Foreclosure & Sale in the Foreclosure Case was entered in favor of Wells on May 17, 2017.

LM:9(06/12/2013)

7. The instant bankruptcy is the Debtor's second bankruptcy case pending within the last year. Prior to filing the current case, on January 26, 2018, the Debtor filed a Ch. 7 bankruptcy, Case No. 18-10216 (the "First Bankruptcy").
8. In the First Bankruptcy, Wells filed a Motion for Relief from the automatic stay on March 15, 2018 (ECF Doc. No. 12, the "Motion").
9. In response to the Motion, the Debtor requested formal S.D.N.Y. Loss Mitigation pursuant to General Order #M451 (First Bankruptcy, ECF Doc. No. 15, filed March 21, 2018), and objected to the Motion on that basis (First Bankruptcy, ECF Doc. No. 35, filed May 1, 2018).
10. Wells did not object to loss mitigation in the First Bankruptcy. On May 15, 2018, Judge Garrity entered an Order directing Wells to participate in loss mitigation in the First Bankruptcy (ECF Doc. No. 39).
11. Thereafter, despite Wells' proper request, the Debtor never submitted an initial financial package for loan modification review. On June 18, 2018, the Debtor's Attorney filed a loss mitigation status letter in the First Bankruptcy informing the Court that the Debtor was "unable to complete her loss mitigation package and send it to the Secured Creditor, Wells Fargo Bank, N.A." (ECF Doc. No. 43, the "Debtor's Letter"). The Debtor's Letter then consented to termination of loss mitigation in the First Bankruptcy "in order to not waste this Court's time and not abuse [the Debtor's rights." A copy of the Debtor's Letter is affixed as **Exhibit "A."**
12. On June 20, 2018, the Court terminated loss mitigation in the First Bankruptcy (ECF Doc. No. 44).
13. Thereafter, the Debtor received a discharge in the First Bankruptcy (ECF Doc. No. 45, filed July 2, 2018).
14. The Debtor then withdrew her objection to the Motion, which was granted by Order entered July 17, 2018 (First Bankruptcy, ECF Doc. No. 48). The First Bankruptcy was closed on October 1, 2018.
15. Prior to the First Bankruptcy, the Debtor received eight additional good faith loss mitigation reviews from Wells.
16. In 2009, the Debtor received three loss mitigation reviews. All three reviews were closed due to the Debtor's failure to timely submit documents.
17. In 2010, the Debtor received two loss mitigation reviews. One of those reviews was closed due to the Debtor's failure to timely submit documents. The other review resulted in a HAMP loan modification denial due to the Debtor's inability to afford the modified payment.

18. In 2011, the Debtor received an additional loan modification review for both HAMP and non-HAMP modification options. The Debtor was denied for all modification options, including HAMP, due to lack of affordability.
19. In 2016, the Debtor received an additional loan modification review for both HAMP and non-HAMP modification options. The Debtor was denied for all modification options, including HAMP, due to lack of affordability.
20. In 2017, the Debtor received an additional review for a possible short sale. Said review was closed because the Debtor did not provide a short sale offer from an interested buyer.
21. The Debtor then filed the First Bankruptcy and entered into formal S.D.N.Y. loss mitigation, which closed due to the Debtor's failure to submit a financial package for review.
22. In the 2016 HAMP Tier 2 loan modification review, the Debtor's verifiable gross monthly household income was $2,824.00. As part of the review, the term was extended from 253 months to 480 months. The interest rate was reduced from 4.090% to 3.375%. After recapitalization of arrears, the unpaid principal balance increased from $364,167.51 to $594,112.79. The total monthly payment, inclusive of escrow, increased from $2,662.42 to $2,769.22. Since the total monthly payment would have been 98.060% of the Debtor's gross monthly household income, a denial due to lack of affordability resulted. The HAMP Tier 1 and in house modification reviews also resulted in denials due to lack of affordability.
23. In the current bankruptcy case, the Debtor's gross monthly household income on Schedule I is stated as $4,639.58. Said stated gross monthly household income includes contribution income totaling $2,500.00. Even if the HAMP Tier 2 modification from 2016 was still available, the total modified monthly payment would be 59.687% of the Debtor's gross monthly household income, well outside of any affordability parameters. Based on Wells' current review of the Loan, using the Schedule I income, the Debtor cannot afford either the current monthly mortgage payment, or what the modified payment would be.
24. Wells' Loan remains due and owing for September 15, 2007, over eleven years ago.
25. The Debtor has made a total of nine payments on the Loan since origination.

Wells respectfully objects to loss mitigation on the grounds of duplicativeness, futility, mootness, and prejudicial delay. The Debtor has already received nine reviews over her eleven year default. None of the modification reviews resulted in an affordable payment, and the Debtor's stated income does not indicate an affordable payment would result if Wells completed an additional review now. Furthermore, the Court already supervised loss mitigation in the First Bankruptcy earlier this year.

LM:9(06/12/2013)

**WHEREFORE** the undersigned respectfully requests the Court to deny the Debtor's Request for Loss Mitigation; and such other and further relief as may be just and proper.

Date: November 9, 2018

/s/ Katherine Heidbrink
Katherine Heidbrink
Bankruptcy Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Wells Fargo Bank, N.A.
One Huntington Quadrangle, Suite 3N05
Melville, NY 11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

LM:9(06/12/2013)